UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMIE L. CARTER,

                Plaintiff,

v.                                             Case No. 23-cv-1693-pp

JESSICA A. HOSFELT,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING COMPLAINT**

Tommie L. Carter, an individual incarcerated at Waupun Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant failed to provide him medical treatment. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On December 28, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $202.70. Dkt. No. 8. The court received that fee on January 8, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

   A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names Waupun nurse Jessica A. Hosfelt as the only defendant. Dkt. No. 1 at ¶3. Although the caption of the complaint says that the plaintiff is suing the defendant in her individual and official capacities, the body of the complaint says the plaintiff is suing her in her individual capacity only. Id.

The plaintiff alleges that around 3:30 p.m. on October 7, 2023, the defendant was at his cell door. Id. at ¶5. The plaintiff told her "that he was having spasmodic chest pain, shortness of breath, dizziness and vomiting up blood." Id. He alleges that the defendant looked at him and said, "you don't

3
Case 2:23-cv-01693-PP   Filed 01/30/24   Page 3 of 10   Document 10

appears [*sic*] to be in distress," and then walked away without evaluating him. Id. at ¶6. The plaintiff alleges that the defendant left him "to suffer in agony by disregarding the excessive risk to [his] health." Id. at ¶7. He says he continued to experience chest pains, shortness of breath, dizziness and vomiting. Id. at ¶8. He does not say whether he received any medical attention for these symptoms. Id.

The plaintiff attached to the complaint a report from an institution complaint examiner (ICE) regarding an institutional complaint the plaintiff filed about this incident. Dkt. No. 1-1 at 1. The ICE contacted the Health Services Manager, who responded that the plaintiff "was not seen at this time due to threats and his behavior." Id. She provided the ICE a "document showing RN Hosfelt did inform [the plaintiff] she did not have assessment tools in addition to [the plaintiff's] threats and behavior." Id. The ICE "reminded [the plaintiff] that complete cooperation with HSU staff will produce the most positive result from every visit." Id. The ICE recommended dismissing the complaint. Id. The plaintiff also provided the report from a corrections complaint examiner (CCE), who recommended dismissing the plaintiff's appeal from the denial of his complaint. Id. at 3. The CCE noted, "Medical documentation indicated the patient has not been denied medical care, in fact sees medical staff almost daily." Id. The Office of the Secretary accepted the recommendation from the CCE and dismissed the plaintiff's appeal. Id. at 4.

The plaintiff claims that the defendant violated his Eighth Amendment right to adequate medical treatment. Dkt. No. 1 at ¶10. He seeks declaratory

judgment that the defendant's actions violated his Eighth Amendment rights and compensatory and punitive damages. Id. at ¶¶11–14.

C. Analysis

The court reviews the plaintiff's allegations about his inadequate medical treatment under the Eighth Amendment. Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1033 (7th Cir. 2019) (citing Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014)). Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976). To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (*en banc*). "The standard of deliberate indifference 'requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.'" Stewart v. Wexford Health Sources, Inc., 14 F.4th 757, 763 (7th Cir. 2021) (quoting Huber v. Anderson, 909 F.3d 201, 208 (7th Cir. 2018)).

The plaintiff alleges that he told the defendant he was experiencing chest pains, dizziness, shortness of breath and vomiting. He says she looked at him, told him he did not appear to be in distress and walked away without further evaluating him. He says his symptoms continued, but he does not say for how long or whether he eventually required medical treatment. In at least one previous lawsuit in this district, the plaintiff alleged that he suffered from

5

nearly identical symptoms. See Carter v. Larson-Matushak, Case No. 20-CV-787-JPS, 2020 WL 6826562, at *2 (E.D. Wis. Nov. 20, 2020) (finding plaintiff's allegations of "spasmodic head pain, shortness of breath, intense chest pain, dizziness, and that he was vomiting up blood" sufficient to satisfy objective component of Eighth Amendment claim). This court similarly finds these allegations sufficient to satisfy the objective component.

But it is less clear whether the allegations satisfy the subjective component. The institution complaint report that the plaintiff submitted with his complaint shows that the defendant did not treat the plaintiff because she did not have any assessment tools with her when he complained about his symptoms. She also stated that she did not treat the plaintiff because of his "threats and his behavior." Dkt. No. 1-1 at 1.[1] A nurse is not necessarily deliberately indifferent to an incarcerated person's claim of needing medical treatment if the incarcerated person is threatening her while demanding medical treatment and the nurse chooses not to provide medical treatment under those circumstances. See Durley v. Taplin, No. 20-cv-1890-pp, 2022 WL 4328912, at *4, *13 (E.D. Wis. Sept. 19, 2022) (granting summary judgment for nurse who did not provide nebulizer treatment to incarcerated person who "was screaming profanities and threatening physical harm to security staff" while claiming that he could not breathe).

---

[1] The court considers these attached documents because they are part of the pleading. See Federal Rule of Civil Procedure 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The exhibits that the plaintiff attached to his complaint show that he was making threats and/or misbehaving when he claimed that he needed medical attention. The defendant was not deliberately indifferent if she assessed the situation and decided not to risk her own health or safety to provide the plaintiff treatment. Id. (concluding that no reasonable jury would conclude that nurse "was deliberately indifferent in balancing his observation of [incarcerated person's] condition with the security risk"). The complaint and its exhibits suggest that the defendant examined the plaintiff at his cell door and faced a decision whether to try to treat an unruly incarcerated person who was receiving daily or near-daily attention from medical staff. She cannot be held deliberately indifferent for choosing not to risk her own safety or well-being in this situation.

The court also notes that, even if it were allowing him to proceed, the plaintiff would not be entitled to a declaratory judgment that the defendant violated his rights because "under § 1983, declaratory or injunctive relief is only proper if there is a continuing violation of federal law." Kress v. CCA of Tenn., LLC, 694 F.3d 890, 894 (7th Cir. 2012) (citing Green v. Mansour, 474 U.S. 64, 73 (1985)). The complaint alleges that the plaintiff complained about his physical symptoms on October 7, 2023. It does not allege that he continues to suffer from those physical symptoms. There are no allegations of ongoing harm, so the plaintiff may not seek declaratory relief.

Because the allegations in the complaint do not support a claim that the defendant was deliberately indifferent to the plaintiff's serious medical

condition, it fails to state a claim for relief under the Eighth Amendment. Although district courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). The plaintiff's complaint and the attached exhibits thoroughly describe the allegations of facts surrounding the plaintiff's claim. The court finds that amendment would be futile and will not allow the plaintiff to amend his complaint.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$147.30** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the

8

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**