UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMIE L. CARTER,

                              Plaintiff,

    v.                                                   Case No. 23-cv-1693-pp

JESSICA A. HOSFELT,

                              Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 12)**

On January 30, 2024, the court issued an order dismissing plaintiff Tommie L. Carter's complaint under 42 U.S.C. §1983 against defendant Nurse Jessica Hosfelt at Waupun Correctional Institution because the complaint failed to state a claim. Dkt. No. 10. The court explained that the plaintiff's allegations that he was suffering from "chest pains, dizziness, shortness of breath and vomiting" satisfied the objective component of an Eighth Amendment claim. Id. at 5–6. But the court pointed out that the documents the plaintiff attached to his complaint "show[ed] that he was making threats and/or misbehaving when he claimed that he needed medical attention." Id. at 6–7 & n.1 (citing Federal Rule of Civil Procedure 10(c)). The court cited a recent case with similar facts for the proposition that "[a] nurse is not necessarily deliberately indifferent to an incarcerated person's claim of needing medical treatment if the incarcerated person is threatening her while demanding medical treatment and the nurse chooses not to provide medical treatment

under those circumstances." Id. at 6 (citing Durley v. Taplin, Case No. 20-cv-1890-pp, 2022 WL 4328912, at *4, *13 (E.D. Wis. Sept. 19, 2022)). The court concluded that the defendant "[could not] be held deliberately indifferent for choosing not to risk her own safety or well-being." Id. at 7. The court dismissed the complaint for failure to state a claim and did not give the plaintiff an opportunity to file an amended complaint. Id. at 7–8.

On February 5, 2024, the court received the plaintiff's "Motion to Alter or Amend the judgment under Rule 59(e) of the Federal Rules of Civil procedure." Dkt. No. 12. The plaintiff reiterates the facts of the case, but he includes several new details that he did not allege in his complaint. Id. at ¶¶2–4. For example, the plaintiff newly alleges that an Officer Groover was also at his cell when he told the defendant about his symptoms. Id. at ¶3. He says that after the defendant told the plaintiff that he did not need medical attention, "Officer Groover informed [the defendant] that he witnessed [the plaintiff] vomiting blood." Id. at ¶4. He says that the defendant "ignored Groover statement and still walked away not treating him." Id. He newly claims that the statements in the institutional complaint report attached to his complaint were fabricated, and he says that he "did not make no threats or act out disruptively." Id. at ¶5. He also says that the complaint report lied about the defendant not having her assessment tools during her interaction with the plaintiff. Id. at ¶6. The plaintiff says that video from the hallway camera would show that the defendant "had all relevant medical assessment tools in her bag." Id. He says the defendant "could have asked the officer to place [him] in the holding cell to

have [him] medically assessed or go to the HSU unit to grab other assessment tools like [the defendant] have done in the past many times." Id. He claims that his medical records will show that the complaint report lied about him receiving medical treatment "almost daily" and will show "amendment and corrections forms to correct fabricated information and refusals to be seen by HSU." Id. at ¶7. The plaintiff also claims that he and the defendant have "an ongoing history," which includes past instances of "[the defendant] fabricating medical information in reports, lying to staff about incidents that never happened, etc." Id. at ¶16. The plaintiff says that his complaint and this additional evidence satisfy the subjective component of his Eighth Amendment claim and show that "[the defendant] acted with intent and that is, she had a sufficiently culpable state of mind." Id. at ¶10.

Under Fed. R. Civ. P. 59(e), a party may move to alter or amend a judgment within twenty-eight days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001), and Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Newly presented, but not

new, evidence is not a proper ground for altering the judgment. See Bordelon, 233 F.3d at 529 (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)) (explaining that Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment").

The plaintiff has not presented a proper basis for relief under Rule 59(e). The plaintiff introduces new facts not previously alleged in his complaint that he says show that the defendant violated his Eighth Amendment rights. He introduces a new witness, Officer Groover, who allegedly supported the plaintiff's description of his symptoms that he reported to the defendant. He alleges that the defendant lied about his medical incidents in the past and that he and the defendant have "an ongoing history." The plaintiff asks the court to review video camera footage and his medical records to support his claim. But the plaintiff did not previously mention or include this evidence with his complaint, and he suggests no reason why he could not have. Nor does he provide the new evidence now, instead asking the court to track down and review the videos and his medical records. It is the plaintiff's responsibility—not the court's—to find and present information that supports his claims.

Even if the plaintiff had provided this new evidence, none of it is newly discovered. Like his new allegations about Officer Groover, this "new" evidence is only newly presented. The plaintiff could have alleged in his complaint that Officer Groover was present and witnessed the plaintiff vomiting blood. He could have alleged that he and the defendant have a history and that she

4

previously lied about his medical information. He could have supplied his medical records or told the court that video taken from the hallway cameras would support his claim that the defendant had the equipment necessary to assess him. He could have challenged the truth of the complaint reports and claimed that he had evidence showing they were fabricated. The plaintiff did none of those things, but now he asks the court to reconsider its previous decision, taking into account this new (but not newly discovered) information, much of which he still has not presented to the court. For the reasons explained above, the court will not grant his request. See Bordelon, 233 F.3d at 529; Moro, 91 F.3d at 876.

The plaintiff's motion for reconsideration neither presents newly discovered evidence nor clearly establishes that the court committed a manifest error of law or fact warranting reconsideration of its previous order. The court will not reopen this case, reconsider its previous order or alter or amend the judgment. This case remains closed, and the court reiterates that the plaintiff has incurred a strike because the court dismissed his complaint for failure to state a claim. See 28 U.S.C. §1915(g).

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 12.

Dated in Milwaukee, Wisconsin this 1st day of March, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**